# United States District Court
## Eastern District of Michigan

| | |
|---|---|
| United States of America | **ORDER OF DETENTION PENDING HEARING ON VIOLATION OF SUPERVISED RELEASE** |
| v. | |
| August Allen | Case Number: 03-CR-80623 |
| Defendant | |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact
(1) I find that defendant is here on a VIOLATION OF SUPERVISED RELEASE

(2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings
√ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

❏ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention
I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

√ (a) nature of the offense- violation of supervised release. Defendant was stopped by Michigan State Police on September 27, 2010 and advised defendant of this outstanding warrant. He was released to do that, but did not turn himself in. Said that he was not given any paperwork so did not turn himself in.

√ (b) weight of the evidence–last reported in May, 2010. Nothing on this record indicates a reason for failure to support.

√ (c) history and characteristics of the defendant
  √ 1) physical and mental condition–has a drug problem, was treated at Eastwood but did not complete the program. Admission of recent drug use.
  √ 2) employment, financial, family ties–lives with girl friend and has family ties to the area. There was some change of residence, or at least some undertakings in that regard, but now residence is stable.
  √ 3) criminal history and record of appearance–not a flight risk; but does seem to be a risk on non-appearance. Some reference to his failure to report to pretrial services during the initial prosecution.

√ (d) probation, parole or bond at time of the alleged offense–is on supervised release.

√ (e) danger to another person or community–no new criminal conduct while on release. Nothing evident on this record.

### Part III – Directions Regarding Detention
The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| | s/Virginia M. Morgan |
| Date 10-8-2010 | *Signature of Judge* |
| | Virginia M. Morgan, United States Magistrate Judge |
| | *Name and Title of Judge* |